

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RPD:JGM
F.#2001R00661

*United States Attorney's Office*

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

May 11, 2006

The Honorable Thomas C. Platt
United States District Judge
Eastern District of New York
United States Courthouse
1044 Federal Plaza
Central Islip, New York 11722

       Re: United States v. Rammelkamp
          Case No. 01-CR-158 (TCP)

Dear Judge Platt:

      This letter is respectfully submitted in response to the defendant's May 1, 2006 letter, in which he asks the Court to reconsider the merits of his motion to dismiss the charges against the defendant in the above-referenced indictment. In short, the defendant has failed to assert any grounds that would cause the Court to undertake such an exercise, and the defendant has no basis to make a claim of prosecutorial misconduct.

I.   The Last Court Appearance

      On February 24, 2006, the defendant appeared before the Court for sentencing. Before the case was called, the government advised defense counsel, Thomas F. Liotti, Esq., that the Second Circuit was currently entertaining an appeal filed by the defendant's co-conspirator, Jared McIntyre. Specifically, the government informed defense counsel that one of the issues before the appellate court concerned the loss figure included in McIntyre's pre-sentence report ("PSR"). In this regard, government counsel told defense counsel that the government had, in its appellate brief, conceded that McIntyre's PSR overstated the loss figures by approximately $170,000. Based on his reaction, it was clear that defense counsel had no prior knowledge of this fact.

      Because the defendant's PSR relied on the same loss figures as did McIntyre's PSR (i.e., $368,987.18), the government suggested to defense counsel that the parties should request the Court to adjourn the defendant's sentencing so as to give the

U.S. Probation Department an opportunity to revise the defendant's PSR as it related to the financial losses suffered by the arson victims. Defense counsel agreed without hesitation.

When the defendant's case was called, the government reminded the Court of the issues under consideration in the McIntyre appeal and requested an adjournment of the defendant's sentencing for the reasons set forth above. The Court granted the adjournment to permit the probation officer the opportunity to investigate and, if necessary, correct the loss figures listed in the defendant's PSR. The government stated that it would endeavor to get the probation department the additional information necessary to correct the defendant's PSR.

II.   Activity Since February 24, 2006

Within days of the last court appearance, government counsel attempted repeatedly to make contact with the Federal Bureau of Investigation ("FBI") agent in charge of the defendant's and McIntyre's cases. This FBI agent, Special Agent Joseph Metzinger, failed to return any of the government's telephone calls. After some measure of investigation, government counsel learned that SA Metzinger had been transferred recently to the FBI's Philadelphia Field Office. After considerable effort, the government obtained a working cellular telephone number for SA Metzinger and made contact with him.

SA Metzinger advised the government that he was very familiar with the loss-figure issue, which he had investigated at the request of former Assistant United States Attorney Gary R. Brown in the beginning of 2005. SA Metzinger stated that he had forwarded all of the documents relevant to this issue to AUSA Brown in 2005. After looking in the trial file and consulting individuals in the appellate section of this Office, the government informed SA Metzinger that it was unable to locate the needed documents. Accordingly, SA Metzinger stated that he would contact the new agent assigned to the defendant's case and have that agent find the documents, which would then be sent to the government. Within a week or two, after not receiving any documents from SA Metzinger or his counterpart in New York, government counsel contacted the Court, the probation department and the defense counsel and advised all that it would need more time to obtain the information necessary to correct the defendant's PSR. With the consent of the defense, the Court permitted an adjournment of the defendant's sentencing to June 9, 2006.

After a series of searches of the FBI's office in New York, SA Metzinger's colleagues still have been unable to locate documents that accurately reflect the loss figures in this case.

Nevertheless, government counsel recently undertook a search of all of its extensive files pertaining to the investigations of the Animal Liberation and the Environmental Liberation Fronts in Long Island. Finally, on May 10, 2006, the government located the documents that SA Metzinger prepared and forwarded to AUSA Brown in January 2005. All such documents were served by hand on the probation department and by facsimile on defense counsel on that same date.

ARGUMENT

The defendant's letter to the Court fails to allege any basis for its claim of prosecutorial misconduct. Beyond his unsubstantiated musings, defense counsel offers nothing to support his allegation that the government's request for more time to track down the true loss figures amounts to prosecutorial misconduct. Therefore, the defendant's motion to dismiss based on prosecutorial misconduct must be denied.

Likewise, the defendant's motion to renew, reargue and reconsider his previously denied motions, see Court's Memorandum and Order, dated December 13, 2005, should be denied because the defendant offers no legal basis that would cause the Court to revisit its decision. As far as the government can discern, the defendant argues that the Court should change its ruling regarding the applicability of the federal arson charges because the monetary loss caused by the defendant's acts of arson was "less than half of the amount of the original estimates given." This argument is problematic for several reasons.

First, the Court's decision that the federal arson statute, 18 U.S.C. §§ 844(I) and 844(n), applied to the defendant's conduct was in no way founded upon the out-of-pocket costs suffered by the victims. On the contrary, the Court's decision answered the strict legal question of whether the buildings the defendant damaged or planned to damage were being used in commerce or in an activity affecting commerce. In its decision, the Court ruled that the buildings at issue met that standard and that the defendant, therefore, had been properly charged in federal court. The amount of damage caused to the structures, or the financial losses resulting therefrom, was not part of the Court's analysis. Thus, the discovery that the monetary losses were less than originally estimated by the victims has no relevance to the Court's decision, and the defendant's motion to renew, reargue and reconsider that decision should be denied.

Second, the government takes umbrage with the

defendant's suggestion that the government's inability to produce the adjusted loss figures expeditiously was somehow indicative of foul play.  Defense counsel seems to forget that government filed a brief in the Second Circuit in January 2005, in which it conceded the discrepancy between the actual losses suffered and those estimated in McIntyre's PSR.  Moreover, it was instant government counsel who brought the loss-figure issue to defense counsel's attention for the first time on the last court date in this case.[1/]  Accordingly, any suggestion that the government is trying to hide the true loss figures from the Court and counsel is simply absurd.

As noted above, the government submitted documents supporting the true loss figures to the probation department on May 10, 2006.  The government expects that the probation department will have made the necessary amendments to the defendant's PSR in time for his June 9, 2006 sentencing.  Similarly, the government has provided the same documents to defense counsel.  If after reviewing those documents and investigating their accuracy, the defendant still demands a Fatico hearing, the government intends to abide by all future orders of the Court.  Nevertheless, for the reasons set forth

---

[1/]    Defense counsel found it "important to note that [the defendant] may have received an unfair sentence if the United State's Attorney's Office had not been belatedly forthright with their recent admission regarding the restitution figures previously provided."  The government appreciates the importance of this speculative point, but also notes that February 24, 2006, represented the first time the defendant's case was even tentatively scheduled for sentencing since the end of 2004.  Given that the erroneous restitution estimates were discovered in January 2005, it was most unlikely that the defendant would have been sentenced to an unfair amount of restitution.  Of course, any "injustice" the defendant could have suffered would have been remedied easily with a revision of the restitution order.

5

above, the defendant's motion to dismiss this case based on prosecutorial misconduct and his motion to renew, reargue and reconsider previously decided motions should be denied.

                                          Respectfully submitted,

                                          ROSLYNN R. MAUSKOPF
                                          United States Attorney

                          By: _____
                              James G. McGovern
                              Assistant U.S. Attorney
                              (631)715-7842

cc:   Thomas F. Liotti, Esq.
      (Facsimile - 631-794-2816)

      Clerk of the Court
      Eastern District of New York